Thomas E. Beck, Esq. (SBN 81557)
THE BECK LAW FIRM
Post Office Box 101
Los Alamitos, CA 90720
Telephone No. (562) 795-5835

Email: Becklaw@earthlink.net

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM YUEN, | No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. Violation of Civil Rights (42 U.S.C. §1983) |
| CITY OF MONTEBELLO, CHIEF OF POLICE BRAD KELLER in his official and individual capacity, OFFICER CHRISTOPHER WARREN #1408. DOES 1-10, inclusive, | 2. *Monell* Claim (42 U.S.C. §1983) |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## JURISDICTION

1.      Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under Title 42 U.S.C. Section 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth and Fourteenth Amendments of the United States Constitution.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2.    At all times herein mentioned, Plaintiff was an adult Asian male and resident of the City of San Diego, County of San Diego, a United State Marine Corp sergeant and veteran of the Iraqi Freedom campaign with a service connected disability.

3.    Defendant CITY OF MONTEBELLO, hereinafter "CITY") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant  CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the MONTEBELLO POLICE DEPARTMENT ("MPD"), and particularly said Department's, Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff and their tactics, methods, practices, customs and usages.

4.    Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.  The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff will amend this Complaint in accordance with California Code of Civil Procedure Section 474 to show their true names and capacities when same have been ascertained.

5.    At all times herein mentioned, Defendants BRAD KELLER and CHRISTOPHER WARREN #1408 hereinafter identified as ("WARREN")  or

2

"KELLER"), and DOES 1-10 are believed to be employees and agents of the MONTEBELLO POLICE DEPARTMENT and CITY OF MONTEBELLO.

6. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

7. Shortly after 2AM February 2, 2018 in the City of Montebello, County of Los Angeles, Defendant WARREN while on patrol was trolling for suspected drunk drivers in the early morning hours. PLAINTIFF was traveling eastbound on Highway 60, driving a 2017 Maserati Ghibli automobile exhibiting dealer's paper plates. Plaintiff was transporting 3 passengers en route to the City of Ontario. Defendant WARREN unlawfully directed Plaintiff's vehicle off the freeway and initiated an unlawful traffic stop on Paramount Blvd. Plaintiff was not driving while intoxicated and had committed no violations of law of any kind warranting the detention executed by WARREN. Plaintiff readied his documentation as WARREN approached on foot. At the driver's window, WARREN did not ask to see plaintiff's documentation. Instead, WARREN immediately ordered Plaintiff out of his vehicle, exhibiting unexplained, unusually abusive and confrontational behavior Plaintiff inquired of WARREN why the stop was taking place and WARREN did not offer his reasons. WARREN ordered Plaintiff to a place to the rear of the Maserati and the front of WARREN's radio car at which place WARREN took plaintiff's documents placed them on the trunk of the Maserati and ordered Plaintiff to empty his pockets. Plaintiff complied, handing WARREN his cell phone, money clip and card holder. WARREN did not examine them and asked Plaintiff if he had been drinking. Plaintiff informed WARREN he had been earlier in the evening. WARREN asked where plaintiff was coming from and where he was going. WARREN's manner and tone

3

throughout with Plaintiff was inexplicably aggressive, confrontational and unprofessional. When Plaintiff addressed WARREN politely as "sir" WARREN snapped at Plaintiff "Why are you calling me sir?" When WARREN addressed the Caucasian passengers in his car, WARREN's demeanor and tone were markedly different than the manner in which WARREN addressed Plaintiff causing Plaintiff to believe WARREN was biased against him as an Asian. WARREN's abusive tone toward only the Plaintiff was noted by Plaintiff's passengers who challenged WARREN asking why he was talking in that manner. WARREN commenced to administer a nystagmus test with which Plaintiff cooperated. When WARREN ordered Plaintiff to stand on one leg, Plaintiff informed WARREN he had a pre-existing service disability that effected his knees, joints and back that would make compliance difficult. WARREN challenged Plaintiff, rejecting Plaintiff's offer to prove his VA disability. Instead, WARREN, again in the same officious tone of voice, announced, "you don't want to cooperate, put your hands behind your back!", "you are under arrest" and quickly handcuffed Plaintiff. WARREN told Plaintiff he needed to submit to a PAS (Preliminary Alcohol Screening) field test. Plaintiff asked WARREN how many times must he take the PAS. WARREN did not answer, did not administer the PAS or any other FST and immediately put Plaintiff into the rear of his patrol vehicle.   WARREN then used his radio. A sergeant and several other Montebello officers arrived on scene. The sergeant approached Plaintiff. Plaintiff explained what had just happened. The sergeant then spoke to WARREN out of hearing range of the Plaintiff. Plaintiff was removed from the radio car.  Another Montebello PD officer on scene engaged Plaintiff verbally during this period of the detention. Recognizing the officer was former military, Plaintiff spoke of his Marine Corp service with this officer which prompted WARREN to yell at Plaintiff "stop that shit!" Plaintiff informed this unidentified officer he needed to urinate and that he would submit to a breath test. This officer conducted a nystagmus test of Plaintiff's

4

eyes, permitted Plaintiff to relieve himself discretely in the nearby shrubs and spoke to WARREN. The sergeant returned informing Plaintiff he would be taken to the station for a breath test and if he registered less than .08 BAC Plaintiff would be released. WARREN's female partner parked Plaintiff's Maserati, leaving plaintiff's passengers to fend for themselves. An hour after the commencement of detention, Plaintiff was transported to the Montebello Police Department by WARREN where Plaintiff provided two breath samples. WARREN informed Plaintiff he was "lucky" and that he "had passed" but refused to give Plaintiff the results when requested. Rather than allow the plaintiff to go about his business in light of the breath test results as represented earlier, Plaintiff was informed he was not going to be released for another 8 hours without explanation. WARREN caused plaintiff to be booked for an alleged violation of California Vehicle Code §23152. Plaintiff committed no such offense nor any other and was not given his liberty until 11 AM 2/10/19. Defendant WARREN unlawfully seized and failed to release the plaintiff to demonstrate his power to do so, fully aware Plaintiff had committed no crime and lacked lawful justification for the continued detention.

To conceal his wrongdoing, Defendant WARREN willfully, intentionally and materially falsified his crime and arrest reports pertaining to the plaintiff in which he fraudulently misrepresented that the plaintiff exhibited multiple objective symptoms of intoxication designed to mislead prosecutors and judicial officials to believe a crime had been committed and there was probable cause therefor, including but not limited to bloodshot and watery eyes, slurred speech, unsteady gait, and an odor of alcohol; that Plaintiff had parked illegally, exited his vehicle slowly, refused a PAS test, became evasive and failed field sobriety tests, some of which were never actually administered or refused. Said false crime and arrest report was submitted to the California Department of Motor Vehicles and the Los Angeles District Attorney, who, without independent investigation and in complete reliance on the

5

misrepresentations by WARREN, filed a criminal DUI charge under case number 8ES01728 in the East Los Angeles Superior Court.

Plaintiff was released on a written promise to appear in court and appeared as directed to discover the falsity of WARREN's crime and arrest report and was thereafter required to expend money in the defense of said corrupt and malicious criminal accusation.

Plaintiff proceeded in the compelled defense of the false accusations made against him by WARREN during which criminal proceeding WARREN gave knowingly perjured testimony in an effort to cause the plaintiff's fraudulent conviction but failed. On October 18, 2019 Plaintiff was acquitted by a jury, thereby constituting a favorable termination. Additionally, as the result of pretrial discovery Plaintiff and his defense counsel were informed of multiple citizen complaints directed to Chief KELLER and the City of Montebello and that WARREN had, prior to employment with the City of Montebello, had been terminated of his employment with the City of Los Angeles Police Department and had complied a significant disciplinary record demonstrating his abject unfitness for law enforcement employment.

## FIRST CAUSE OF ACTION

**(VIOLATION OF CIVIL RIGHTS -UNREASONABLE SEARCH AND SEIZURE, DETENTION AND ARREST, DUE PROCESS DEPRIVATIONS BY REASON OF JUDICIAL DECEPTION, MALICIOUS PROSECUTION, DEPRIVATION OF 4TH AND 14TH AMENDMENT RIGHTS)**

**(By Plaintiff Against All Individual Defendants)**

8.  Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 7 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

6

9.     This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth and Fourteenth Amendments of the United States Constitution.

10.     Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants WARREN and DOES 1-10, and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him against unreasonable searches and seizures, by the Fourth, and due process guarantees of Fourteenth Amendments to the United States Constitution.

11.     Each defendant violated the right of plaintiff to be secure in his person and property against unreasonable seizures as guaranteed by the Fourth Amendment to the United States Constitution by unlawfully seizing plaintiff's person and property, causing Plaintiff's groundless criminal prosecution and offering knowingly false and misleading statements and sworn perjured testimony against the plaintiff.

12.     Defendants' behavior is intentional, extreme, egregious and outrageous, that it shocks the contemporary conscience as defendants intended injury to the plaintiff in a manner unjustified by any government interest and with deliberate indifference to the consequences of their behavior.

13.     Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of his rights against unreasonable seizures, and due process guarantees by participating in a mutually supportive, corrupt effort

7

to fraudulently justify plaintiff's seizure, detention, booking and prosecution with knowingly false accusations manufactured and supported by defendants WARREN and DOES 1-10.

14.    As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained a permanent stigmatizing criminal booking and arrest record, mental pain and shock to his nervous system, fear, anxiety, torment, degradation and emotional distress.

15.    By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred legal and investigative expenses in an amount as proved.

16.    In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending to his usual occupation, and has suffered loss and impairment of earnings and employment opportunities all to his damage in an amount as proved.

17.    By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorneys fees.

18.    The aforementioned acts and omissions of Defendants were committed by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary

8

damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

## SECOND CAUSE OF ACTION

### (MONELL CLAIM-UNCONSTITUTIONAL CUSTOM AND PRACTICE UNDER SECTION 1983)

### (By Plaintiff Against Defendant City of Montebello & Chief Brad Keller)

19. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 18 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

20. Defendant CITY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY and the MONTEBELLO POLICE DEPARTMENT possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Montebello Police's Department and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

21. At all times herein mentioned, Defendants CHRISTOPER WARREN, BRAD KELLER and DOES 1-10, and each of them, were employees of the MONTEBELLO POLICE DEPARTMENT, acting under the CITY'S, KELLER'S and Department's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies,

9

practices and usages at all times herein mentioned encouraged the employment, deployment and retention of persons as peace officers who have a propensity for brutality, dishonesty, bigotry, and numerous other serious abuses of their duties as peace officers in the employment of the DEPARTMENT and CITY.

22. Defendants KELLER and CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to fairly and impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by KELLER and CITY by and through the MONTEBELLO POLICE DEPARTMENT and LOS ANGELES DISTRICT ATTORNEY.

23. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by defendants KELLER and CITY include, but are not limited to:

(1) Defendants KELLER and CITY had knowledge, prior to and since this incident, of repeated allegations of abuse and misconduct toward detainees, arrestees and members of the public generally; Specifically, CITY, KELLER and MPD knew Defendants CHRISTOPHER WARREN and DOES 1-10 had in the past and since Plaintiff's incident, committed similar acts of dishonesty, corruption and abuse; KELLER and CITY failed to undertake the thorough background investigation imposed by California Govt. Code Sections 1031, subdivision (d) and 1030.1, or became deliberately indifferent to the results of said background investigation with respect to WARREN and others which among other things, revealed admitted dishonesty, criminal

10

behavior, the commission of crimes of moral turpitude, acts of violence, false responses to background questionnaires, skipped polygraphs, and other indicia of moral and ethical unfitness to employment as peace officers.

(2)    Defendants KELLER, CITY and MPD had knowledge, prior to and since this incident, of similar allegations of abuse and dishonesty by Defendant WARREN and others, and refused to enforce established administrative procedures to insure the safety of detainees and arrestees;

(3) Defendants CITY, KELLER and MPD refused to adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct;

(4)    Defendants CITY. KELLER, and MPD  refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Montebello Police Department officers;

(5)    Defendants CITY, KELLER and MPD reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other officers;

(6)    Defendants CITY, KELLER and MPD covered up acts of misconduct and abuse by MONTEBELLO POLICE DEPARTMENT officers and sanctioned a code of silence by and among officers and management;

(7)    Defendants CITY, KELLER and MPD knew of and sanctioned the custom and practice of falsely arresting, booking and charging victims of misconduct, including false accusations of crime.

(8)    Defendants CITY, KELLER and MPD failed to adequately train and educate officers in the use of reasonable and proper force and

11

failed to enforce the department's written regulations with respect to uses of force;

(9) Defendants CITY, KELLER and MPD failed to adequately supervise the actions of officers under their control and guidance;

(10) Defendants CITY, KELLER and MPD condoned and participated in the practice of prosecuting groundless criminal charges for the purpose of insulating the CITY and MPD and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for releasing them from civil liability;

(11) Defendants CITY, KELLER and MPD condone and encourage a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees;

(12) Defendants CITY, KELLER and MPD engage in the custom and practice of refusing to provide public prosecutors and criminal defendants exculpatory and impeaching evidence as required by law.

(13) Defendant CITY, KELLER and MPD fails and refuses to comply with California Penal Code Section 832.5 and Section 13012 by withholding from the California Department of Justice, known citizen complaints of misconduct, thereby evading the Department's statutory duty to report all known citizen complaints to the California Department of Justice and to mislead the Department of Justice with substantial under reporting known citizen complaints, including those implicating WARREN;

(14) Defendant CITY, KELLER and MPD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by February 10, 2018 and thereafter, represented the unconstitutional policies, practices and

12

customs of the CITY, and POLICE DEPARTMENT.

24.     By reason of the aforesaid policies, customs, practices and usages, plaintiff's Fourth, and Fourteenth Amendments to the United States Constitution were violated. Said customs, policies, practices and usages at all times herein mentioned violated constitutional rights including those of the plaintiff.

25.     By reason of and pursuant to the aforesaid policies, practices, customs, and usages, Plaintiff's aforementioned constitutional rights were deprived and plaintiff proximately suffered special and general damages in an amount to be proved.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.     For General damages according to proof;

2.     For Special damages according to proof;

3.     For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;

4.     For attorney's fees pursuant to 42 U.S.C § 1988;

5.     For Costs of suit;

6.     For such other and further relief as the Court may deem proper.

DATED:     January 23, 2020                    **THE BECK LAW FIRM**

By:     Thomas E. Beck
Attorneys for Plaintiff

13

## PLAINTIFF'S JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED: January 23, 2020

THE BECK LAW FIRM

By:    Thomas E. Beck
       Attorneys for Plaintiff

14