NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM YUEN, an individual<br><br>      Plaintiff,<br>  v.<br><br>CITY OF MONTEBELLO, CHIEF OF POLICE BRAD KELLER in his official and individual capacity, OFFICER CHRISTOPHER WARREN #1408, DOES 1 through 10, inclusive,<br>      Defendants.<br>_____<br>LOS ANGELES POLICE DEPARTMENT CUSTODIAN OF RECORDS<br>      Non-party. | Case No.  2:20-cv-00755-MWF-PLAx<br><br>**PROTECTIVE ORDER FOR PERSONNEL RECORDS OF OFFICER CHRISTOPHER WARREN FROM THE LOS ANGELES POLICE DEPARTMENT** |

**BASED ON THE STIPULATION OF THE PARTIES, AND GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED THAT:**

  1.  Officer Christopher Warren has the right to privacy in his personnel records from the Los Angeles Police Department (LAPD).

2. The phrase "this case" refers to the instant matter, Abraham Yuen v. City of Montebello, et al., United States District Court for the Central District of California Case No. 2:20-CV-00755-MWF-PLAx, exclusively, including the final disposition of any and all appeals. The phrase "this case" does not refer to any other state or federal case that defendants or plaintiff may currently, or in the future, be a party to in any capacity.

3. The term "CONFIDENTIAL RECORDS" as used in this Protective Order shall refer to any and all copies of any and all personnel records that have not and are not available for public inspection and are disclosed by LAPD in this case.

4. This Protective Order does not govern any personnel records that are obtained by any party outside the jurisdiction of this case.

5. All parties shall use the CONFIDENTIAL RECORDS in the litigation of this case only and, in particular, said CONFIDENTIAL RECORDS shall not be released to any other individual, entity, or agency that is not a party to this case without further order from the court except:

    a. Counsel of record in this case and employees of that counsel's offices to the extent necessary to enable said individuals to assist in the litigation of this case;

    b. Any experts or consultants who have been expressly engaged by counsel of record to provide expert testimony or to assist with the litigation of this case;

    c. Court reporters and videographers, to the extent necessary to take or transcribe testimony in this case;

    d. Such other persons that may be designated by written stipulation of the parties and non-party;

    e. The court, to the extent necessary for a motion or other matter pending before the court in this case.

6. Every individual as identified in paragraph 5 of this Protective Order must be given a copy of this Protective Order before the said individual is given access to any

1  CONFIDENTIAL RECORDS.  In addition, each individual as identified in paragraph 5
2  of this Protective Order must sign a written agreement, drafted by parties' counsel, to be
3  bound by this Protective Order.  The parties' counsel shall keep the original executed
4  agreements until the final disposition of this case.  **The terms of this paragraph shall**
5  **not apply to the Court or its personnel.**
6      7.   If any counsel is ordered to disclose the CONFIDENTIAL RECORDS to
7  any other individual, entity or agency who is not enumerated in paragraph 5 of this
8  Protective Order, the counsel subject to the court order shall give LAPD notice of said
9  court order to give LAPD an opportunity to request a Protective Order.
10     8.   Under no circumstance shall the CONFIDENTIAL RECORDS, or the
11 information contained therein, be retained, copied, compiled, stored, used as a database,
12 or be disseminated, in any form, except for use in this case in accordance with this
13 Protective Order or by further order of the court;
14     9.   If any party files a pleading and or motion that contains or attaches as an
15 exhibit any information from the CONFIDENTIAL RECORDS, the pleading and or
16 motion must be filed **with an application that the Confidential Records be placed**
17 **under seal.**
18     10.  In the event that the CONFIDENTIAL RECORDS are used in any court
19 proceeding in this case, all counsel shall take all reasonable steps to maintain its
20 confidentiality during such use.
21     11.  All copies of all CONFIDENTIAL RECORDS disclosed by LAPD shall be
22 marked "SUBJECT TO PROTECTIVE ORDER" by the parties' counsel.
23     12.  This Protective Order does not prejudice the parties' and/or LAPD's right to
24 object to or file any motion for relief related to any issues that may arise regarding the
25 use or discovery of Officer Warren's personnel records from LAPD, including any
26 objections to any future subpoenas that may be issued by any party.
27     13.  No more than thirty (30) calendar days after the conclusion of this case,
28 including any appeals, counsel shall return all copies of all CONFIDENTIAL

RECORDS, with a copy of this Protective Order, to:  Attn:  Pitchess Supervisor, Discovery Section, Legal Affairs Division, Los Angeles Police Department, 200 N. Spring St. 19th Fl., Los Angeles, CA 90012.   The records must be returned in person or by certified mail only.  At the time the records are returned, counsel shall also notify LAPD counsel by email at angie.cho@lacity.org that the records are being returned to LAPD as prescribed by this paragraph.

14.   This Protective Order shall survive the conclusion of this case.  The court shall retain jurisdiction over this Protective Order.

**IT IS SO ORDERED.**

DATED:  September 21, 2020

**HON. PAUL L. ABRAMS**
**UNITED STATES MAGISTRATE JUDGE**