NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM YUEN, an individual<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>CITY OF MONTEBELLO, CHIEF OF POLICE BRAD KELLER in his official and individual capacity, OFFICER CHRISTOPHER WARREN #1408, DOES 1 through 10, inclusive,<br>　　　　　　　　Defendants.<br>_____<br>CITY OF LOS ANGELES PERSONNEL DEPARMENT, CUSTODIAN OF RECORDS<br>　　　　　　　　Non-party. | Case No.  2:20-cv-00755-MWF-PLAx<br><br>**PROTECTIVE ORDER FOR PERSONNEL RECORDS OF OFFICER CHRISTOPHER WARREN FROM THE CITY OF LOS ANGELES PERSONNEL DEPARTMENT** |

**BASED ON THE STIPULATION OF THE PARTIES, AND GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED THAT:**

　　　1.　　Officer Christopher Warren has a right to privacy in his personnel records from the City of Los Angeles Personnel Department (Personnel Department), including

1

1  records pertaining to the Personnel Department's decision to not rehire Officer Warren as
2  a Los Angeles Police Department Reserve Officer in July 2013.  Personnel Department
3  also has legitimate interests in protecting the privacy rights of third party raters and the
4  security and confidentiality of confidential examination/evaluation materials.

5      2. The phrase "this case" refers to the instant matter, Abraham Yuen v. City of
6  Montebello, et al., United States District Court for the Central District of California Case
7  No. 2:20-CV-00755-MWF-PLAx, exclusively, including the final disposition of any and
8  all appeals.  The phrase "this case" does not refer to any other state or federal case that
9  defendants or plaintiff may currently, or in the future, be a party to in any capacity.

10     3. The term "CONFIDENTIAL RECORDS" as used in this Protective Order
11 shall refer to any and all copies of any and all personnel records that have not and are not
12 available for public inspection and are disclosed by the Personnel Department in this case.

13     4. This Protective Order does not govern any personnel records that are
14 obtained by any party outside the jurisdiction of this case.

15     5. All parties shall use the CONFIDENTIAL RECORDS in the litigation of this
16 case only and, in particular, said CONFIDENTIAL RECORDS shall not be released to
17 any other individual, entity, or agency that is not a party to this case without further order
18 from the court except:

19       a. Counsel of record in this case and employees of that counsel's offices to
20         the extent necessary to enable said individuals to assist in the litigation of
21         this case;

22       b. Any experts or consultants who have been expressly engaged by counsel
23         of record to provide expert testimony or to assist with the litigation of this
24         case;

25       c. Court reporters and videographers, to the extent necessary to take or
26         transcribe testimony in this case;

27       d. Such other persons that may be designated by written stipulation of the
28         parties and non-party;

e. The court, to the extent necessary for a motion or other matter pending before the court in this case.

6. Every individual as identified in paragraph 5 of this Protective Order must be given a copy of this Protective Order before the said individual is given access to any CONFIDENTIAL RECORDS. In addition, each individual as identified in paragraph 5 of this Protective Order must sign a written agreement, drafted by parties' counsel, to be bound by this Protective Order. The parties' counsel shall keep the original executed agreements until the final disposition of this case. **This paragraph shall not apply to the Court and its personnel.**

7. If any counsel is ordered to disclose the CONFIDENTIAL RECORDS to any other individual, entity or agency who is not enumerated in paragraph 5 of this Protective Order, the counsel subject to the court order shall give Personnel Department notice of said court order to give Personnel Department an opportunity to request a Protective Order.

8. Under no circumstance shall the CONFIDENTIAL RECORDS, or the information contained therein, be retained, copied, compiled, stored, used as a database, or be disseminated, in any form, except for use in this case in accordance with this Protective Order or by further order of the court;

9. If any party files a pleading and or motion that contains or attaches as an exhibit any information from the CONFIDENTIAL RECORDS, the pleading and or motion must be filed **with an application to file the Confidential Records** under seal.

10. In the event that the CONFIDENTIAL RECORDS are used in any court proceeding in this case, all counsel shall take all reasonable steps to maintain its confidentiality during such use.

11. All copies of all CONFIDENTIAL RECORDS disclosed by Personnel Department shall be marked "SUBJECT TO PROTECTIVE ORDER" by the parties' counsel.

12. This Protective Order does not prejudice the parties' and/or Personnel Department's right to object to or file any motion for relief related to any issues that may arise regarding the use or discovery of Officer Warren's personnel records from Personnel Department, including any objections to any future subpoenas that may be issued by any party. **Local Rule 37 shall apply to any such motion.**

13. No more than thirty (30) calendar days after the conclusion of this case, including any appeals, counsel shall return all copies of all CONFIDENTIAL RECORDS, with a copy of this Protective Order, to: Attn: Manager, Background Investigation Division, City of Los Angeles Personnel Department, 700 E. Temple Street, Room B-22, Los Angeles, CA 90012. The records must be returned in person or by certified mail only. At the time the records are returned, counsel shall also notify Personnel Department counsel by email at *jennifer.handzlik@lacity.org* that the records are being returned to Personnel Department as prescribed by this paragraph.

14. This Protective Order shall survive the conclusion of this case. The Court shall retain jurisdiction over this Protective Order.

**IT IS SO ORDERED.**

DATED: October 29, 2020          _____

**THE HONORABLE PAUL L. ABRAMS**
**UNITED STATES MAGISTRATE JUDGE**